UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KARIM AL AZHARI | § | CIVIL ACTION NO._____ |
| | § | |
| v. | § | |
| | § | |
| SBA PROPERTIES, LLC, HICKORY | § | |
| CONTAINERS GROUP, INC., THE | § | |
| ENGY GROUP, LLC, AND FRANCOIS | § | |
| STANISLAS BELLON a/k/a STASH | § | |

**NOTICE OF REMOVAL**

Under Rule 9027 of the Federal Rules of Bankruptcy Procedure, 28 U.S.C. §§1452 and 1334, and any other applicable laws, The Engy Group, LLC ("Engy") hereby removes to this Court all claims and causes of action brought by Karim Al Azhari ("Azhari"), including the claims brought against Engy and Francois-Stanislas Bellon a/k/a Stash ("Debtor"), in *Karim Al Azhari v. v. SBA Properties, LLC et al.* case No. 2020-03116 (the "State Court Action") pending in the 129th Judicial District Court of Harris County, Texas (the "State Court"). The grounds for removal are set forth below:

**Background**

**A.    Azhari Files the State Court Action Against the Debtor, Engy, and Others.**

1.    On January 17, 2020, Azhari filed the State Court Action in the 129th Judicial District Court of Harris County, Texas. Azhari originally named as defendants SBA Properties, LLC and Hickory Containers Group Inc. (collectively, the "Other Defendants"), and alleged a claim for breach of contract relating to an alleged promissory note ("Note") given to Azhari. On April 27, 2020, Azhari filed his First Amended Petition, adding Engy and the Debtor as defendants, this time adding claims for fraud and misrepresentation relating to the Note.

2.    Azhari's live petition primarily consists of two accusations:

1

      a.    "The maturity date of the Note was set for 90 days from the date of the Note. With the maturity date long passed, Plaintiff made a written demand for payment. To date, Defendants have failed to pay Plaintiff any sums due under the Note. Thus, Defendants are in breach of contract with Plaintiff."[1]

      b.    "Upon information and belief, [Debtor] and Engy (in order to induce Azhari to enter into the loan agreement) represented to Azhari that the borrower owned a large industrial facility in Houston, TX (located at 2425 Mowery Rd., Houston, TX 77045) and would have no problem paying back the loan plus interest. However, as it turned out, the Borrower (TXSC and Hickory) did not own the facility which was actually owned by Engy. Plaintiff relied on these representations in entering into the Note. Borrower has not paid Plaintiff any amounts due under the Note."[2]

3.    Engy filed its Original Answer on June 1, 2020, generally denying Azhari's claims.

**B.    Involuntary Chapter 7 Proceedings Are Initiated Against Debtor, and the Bankruptcy Court Enters an Order for Relief.**

4.    Unbeknownst to Engy, William Vincent Walker ("Bankruptcy Petitioner") filed an Involuntary Chapter 7 Bankruptcy Petition against Debtor in the United States Bankruptcy Court for the Southern District of Texas on June 26, 2020 (the "Bankruptcy Proceeding"). The Bankruptcy Proceeding was assigned Case No. 20-33214 and is captioned *In re: Francois Stanislas Bellon*. On September 11, 2020, the Honorable Marvin Isgur issued an Order for Relief.

5.    Upon learning of the Bankruptcy Proceeding, Engy filed a Suggestion of Bankruptcy in the State Court Proceeding.[3] The Bankruptcy Proceeding remains pending in the Bankruptcy Court for the Southern District of Texas in Case No. 20-33214.

## Grounds for Removal

6.    A party "may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a).

---

[1] Pet. Ex D ¶ 5.2.
[2] *Id.* at ¶6.2
[3] *See* Ex. F

7. Under section 1334, district courts have original jurisdiction to hear all civil proceedings that are, among other things, "related to cases under title 11." 28 U.S.C. § 1334(b). "[T]he test for whether a proceeding properly invokes federal 'related to' jurisdiction is whether the outcome of the proceeding could conceivably affect the estate being administered in bankruptcy." *Edge Petroleum Operating Co. v. GPR Holdings, L.L.C. (In re TXNB Internal Case)*, 483 F.3d 292, 298 (5th Cir. 2007) (citing *Arnold v. Garlock, Inc.*, 278 F.3d 426, 434 (5th Cir. 2001)). The effect on the Debtor's estate need only be conceivable; certainty is unnecessary. *Id.* Thus, "an action is 'related to' bankruptcy if the outcome could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankrupt estate." *Id.* (citing *Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746, 752 (5th Cir. 1995)); *see also In re Resorts Int'l, Inc.*, 372 F.3d 154, 163 (3d Cir. 2004) (explaining that a "related to" case represents "the broadest of the potential paths to bankruptcy jurisdiction.").

8. Here, the claims and causes of action brought by Azhari in the State Court Action directly impact the bankruptcy estate of Debtor. First, the monetary damages sought from the Debtor, if awarded, would reduce funds from the estate and take them out of the reach of creditors in the Bankruptcy Proceeding. Second, to the extent Engy is held liable for the actions of the Debtor, Engy will likely have claims against the Debtor for contribution, breach of fiduciary duty of an (alleged) agent, and other similar causes of actions, all of which will likely necessitate the filing of a proof of claim in the Bankruptcy Proceeding. The likely claims and their administration would affect the administration of the Bankruptcy Proceedings. For these reasons, and more, the State Court Action is related to the Debtor's Bankruptcy Proceeding and provides removal jurisdiction under 28 U.S.C. § 1452(a). To the extent any additional claims or causes of action do

not relate to the Bankruptcy Proceeding, which is unlikely, this Court has jurisdiction pursuant to 28 U.S.C. § 1367.

## The Procedural Prerequisites to Removal Have Been Satisfied

9. Removal of the State Court Action to this Court is authorized by 28 U.S.C. §§ 1334 and 1452. Removal is being accomplished in accordance with Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of this Court, and the Local Rules for the Bankruptcy Court for the Southern District of Texas.

10. The State Court Action is currently pending in a court located within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division. Thus, venue is proper under Bankruptcy Rule 9027(a)(1).

11. Pursuant to Local Bankruptcy Rule 9027-1, the below chart lists the names and addresses of the parties, the designate on which parties service of process has been accomplished, and a list of the name, address, and telephone number of the counsel for every party.

| Party Name and Address | Counsel Name, Address, and Telephone Number | Service |
|---|---|---|
| SBA Properties, LLC<br><br>2 Essex Court<br>Heath, Texas 75032 | N/A | Service being effected through registered agent Brian Berry, 2 Essex Court Heath, Texas 75032 |
| Hickory Containers Group Inc.<br><br>2121 Sage Road, Suite 250<br>Houston, Texas 77056 | N/A | Service being effected through service on registered agent, J. Hugh Willey Jr.<br>2121 Sage Road, Suite 250<br>Houston, Texas 77056 |
| Francois Stanislas Bellon a/k/a/ Stash<br><br>c/o Brice B. Beale<br>Galleria Tower II<br>5050 Westheimer, Suite 1200 | Brice B. Beale<br>Hoover Slovacek LLP<br>Galleria Tower II<br>5050 Westheimer, Suite 1200<br>713-977-8686 | Service being effected through notice to Brice B. Beale<br>Hoover Slovacek LLP<br>Galleria Tower II<br>5050 Westheimer, Suite 1200<br>713-977-8686 |

4

| Karim Al Azhari<br><br>c/o Bien C. Tran<br>5615 Kirby Drive, Suite 900<br>Houston, Texas 77005 | Bien C. Tran<br>Bush & Ramirez, PLLC<br>5615 Kirby Drive, Suite 900<br>Houston, Texas 77005<br>713-626-1555 | Service being effected through State Court electronic filing service |
|---|---|---|

12. Additionally, in compliance with Bankruptcy Rule 9027(a)(1) and Southern District of Texas Local Rule 81, attached hereto as Exhibits A through H are the following:

<u>Exhibit A</u>   Index of Items Being Filed
<u>Exhibit B</u>   Docket Sheet
<u>Exhibit C</u>   Plaintiff Karim Al Azhari's Original Petition
<u>Exhibit D</u>   Plaintiff Karim Al Azhari's First Amended Petition
<u>Exhibit E</u>   Defendant The Engy Group LLC's Original Answer
<u>Exhibit F</u>   Suggestion of Bankruptcy
<u>Exhibit G</u>   Order Denying Default Judgment
<u>Exhibit H</u>   All Executed Process

13. To the extent this Court may require or request certified copies of any of the above, Engy will supplement with such certified copies as soon as possible.

14. In accordance with Bankruptcy Rule 9027(b), and along with this filing, Engy will simultaneously serve written notice of this removal to the above-listed parties and/or their counsel of record.

15. Bankruptcy Rule 9027(a)(1) requires that this Notice of Removal "contain a statement that upon removal of the claim or cause of action the party filing the notice does or does not consent to entry of final order or judgment by the bankruptcy court." Engy states that it does so consent to the entry of final orders or judgments by the Bankruptcy Court.

16. Under Bankruptcy Rule 9027(a)(2), this Notice of Removal may be filed within 90 days of the Bankruptcy Court's order for relief, which was entered on September 11, 2020. Thus, this removal is timely.

17. All parties to the State Court Action are **HEREBY NOTIFIED** that removal of the State Court Action will be effected upon the filing of a copy of this Notice of Removal with the Clerk of the State Court and the "parties shall proceed no further in that court unless and until the claim or cause of action is remanded." Bankruptcy Rule 9027(c).

18. No admission of law, fact, or liability is intended by this Notice of Removal. Nor does this Notice of Removal waive any claims available to Engy.

**FOR THESE REASONS** The Engy Group, LLC provides this Notice of Removal, and hereby removes the State Court Action from the 129th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division.

Dated: 12/4/2020

                                  Respectfully submitted,

                                  */s/ Jonathan D. Baughman*
                                  Jonathan D. Baughman
                                  State Bar No. 24029074
                                  William K. Grubb
                                  State Bar No. 24107793
                                  MCGINNIS LOCHRIDGE LLP
                                  609 Main St., Suite 2800
                                  Houston, Texas 77002
                                  (713) 615-8500
                                  (713) 615-8585 Fax
                                  *jbaughman@mcginnislaw.com*
                                  *wgrubb@mcginnislaw.com*

                                  ***Attorneys for Defendant The Engy Group, LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that, on December 4, 2020, a true and correct copy of the foregoing document was served vie on all counsel of record as shown below:

Bien C. Tran
Bush & Ramirez, PLLC
5615 Kirby Dr., Suite 900
Houston, Texas 77005
*btran@bushramirez.com*

**Attorneys for Karim Al Azhari**

>              */s/  Jonathan D. Baughman*
>              Jonathan D. Baughman